```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No.: 18-851 (DSD/TNL)
```

Zach Hillesheim,

      Plaintiff,

v.                                               **ORDER**

Morris-Walkers, Ltd.
and Orchard Park, LLC,

      Defendants.

    Padraigin Browne, Esq. and Browne Law LLC, 8530 Eagle Point Blvd., Suite 100, Lake Elmo, MN 55042, counsel for plaintiff.

    Edward P. Sheu, Esq., Brian J. Linnerooth, Esq. and Best & Flanagan LLP, 60 South 6th Street, Suite 2700, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motion for judgment on the pleadings by defendants Morris-Walker Ltd. and Orchard Park, LLC, and plaintiff Zach Hillesheim's letter request that defendants show cause as to why they should not be sanctioned. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion for judgment on the pleadings is granted in part and the letter request is denied.

**BACKGROUND**

This disability dispute arises from plaintiff Zach Hillesheim's visit to the Emma Krumbee's restaurant in Belle Plaine, Minnesota (the Restaurant), which is owned and operated by defendants. Compl. ¶¶ 1, 14. Hillesheim is paralyzed from the

waist down and uses a wheelchair for mobility. Id. ¶ 11. He claims that deficiencies in the Restaurant's parking area and interior deprived him of full and equal enjoyment of the Restaurant.

This is one of the many lawsuits brought by Hillesheim and his partner, Melanie Davis, through their attorney, Padraigin Browne, against various businesses, alleging assorted violations of the Americans with Disabilities Act (ADA) and the Minnesota Human Rights Act (MHRA). To some degree, the circumstances of this case intersect with a disability lawsuit Davis brought against these same defendants. See Davis v. Morris-Walker, Ltd., No. 17-1270 (D. Minn. filed Apr. 20, 2017).

## I. The Davis Case

Davis claimed that she was unable to dine at the Restaurant due to inaccessibility issues, and filed suit under the ADA and the MHRA. See id. ECF No. 1 ¶¶ 31-49. Davis alleged that the Restaurant did not have: (1) a sufficient number of handicap parking spaces based on the Restaurant's primary and adjacent, overfill parking areas in violation of ADA Accessibility Guideline (ADAAG) § 208.02; (2) proper handicap parking signs in violation of ADAAG §§ 216.5, 502.6, and 703.7.2.1; (3) proper access aisles in violation of ADAAG §§ 208.02 and 502.2; (4) accessible pathways that do not require travel through vehicular ways in violation of ADAAG § 206.3; and (5) a level pathway in violation of ADAAG §§

206.2.1, 403.2, and 303.2. See id. ECF No. 1 ¶ 25. Id. Davis sought declaratory and injunctive relief and damages. Id. ¶ 49.

After receiving the complaint in Davis, defendants made improvements to the Restaurant's parking area with the assistance of a certified accessability specialist, Julee Quarve-Peterson, a municipal building official, and an attorney. See Davis v. Morris-Walker, Ltd., No. 17-1270, 2017 WL 6209825, at *1 (D. Minn. Dec. 7, 2017). Davis conceded that the improvements redressed the alleged violations except for the number of available handicap parking spaces. Id. at *2.

On December 7, 2017, the court dismissed Davis's complaint as moot in light of the improvements. See id. at *3. The court also determined that the Restaurant's primary parking area had a sufficient number of handicap parking spaces and that the adjacent, overfill parking area was a separate parking facility shared with the City of Belle Plaine, not Restaurant parking. See id. at *2. The court declined to exercise supplemental jurisdiction over the MHRA claims and denied Davis's motion to amend her complaint to bring additional ADA claims regarding interior violations because she had not actually entered the Restaurant, and therefore, lacked standing. See id. at *3. The court dismissed the ADA claims with prejudice and the MHRA claims without prejudice. See id. Davis appealed the dismissal to the Eighth Circuit Court of Appeals. The Eighth Circuit affirmed, but modified the dismissal of the ADA

claims to be without prejudice due to the jurisdictional nature of the adjudication. See Davis. v. Morris-Walker, Ltd., 922 F.3d 868, 872 (8th Cir. 2019).

**II. This Case**

On January 18, 2018, one month after the court dismissed Davis, Hillesheim attempted to dine at the Restaurant. Compl. ¶ 49. Hillesheim alleges that he observed multiple ADA and MHRA violations in the Restaurant's parking area and interior that impeded his ability to patronize the Restaurant. Id.

At the oral argument on the instant motion, Hillesheim's counsel, who was also Davis's counsel, represented that "Mr. Hillesheim went to Emma Krumbees on a different date and he encountered different barriers" than Davis. Counsel also represents that Hillesheim's claims "are a direct result of [d]efendants previous inadequate remediation attempts," could not have been brought during Davis, and are separate from those addressed in Davis.[1] ECF No. 46 at 3.

On March 27, 2018, Hillesheim filed this suit raising ADA and MHRA claims. He alleges that the Restaurant does not have: (1) a sufficient number of available handicap parking spaces based on the primary and adjacent, overfill parking areas in violation of ADAAG

---

[1] The court finds it dubious that additional or new parking area issues arose in the mere month between the dismissal of Davis and Hillesheim's visit to the Restaurant. But, for the present purposes under Rule 12(c), the court must accept the pleaded allegations as true.

4

§ 208.2; (2) smooth, non-cracked surfaces and proper sloping in the available handicap parking spaces in violation of ADAAG § 502.4; (3) proper sloping in the curb ramp in violation of ADAAG §§ 206.2.1, 208.3.1, 405.2, and 405.34; (4) a level landing at the top of the curb ramp in violation of ADAAG §§ 206.2.1, 208.3.1, and 406.4; (5) proper maneuvering clearance and sloping on the exterior side of the public entrance in violation of ADAAG §§ 206.2.1 and 404.2.4.4; (6) handicap accessible dining surfaces in violation of ADAAG §§ 226.1 and 902 and C.F.R. § 36.203; (7) proper toilet flush controls in the men's restroom in violation of ADAAG §§ 226.1, 226.2, and 902; and (8) proper men's restroom sink clearance in violation of ADAAG §§ 213.3 and 604.6. Id. He seeks declaratory and injunctive relief and damages. Id.

Defendants now move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. The court stayed this proceeding pending Davis's appeal to the Eighth Circuit. The court lifted the stay after the Eighth Circuit affirmed, and the parties then submitted supplemental briefing.[2]

---

[2] Hillesheim requests that defendants show-cause for why they should not be sanctioned for arguing that collateral estoppel and res judicata apply in light of Davis. This request is utterly baseless and, therefore, denied.

## DISCUSSION

### I. Standard of Review

The same standard of review applies to motions under Federal Rules of Civil Procedure 12(c) and 12(b)(6). Ashley Cty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

### II. ADA

Defendants argue that Hillesheim is precluded from bringing the ADA claims raised here based on the final judgment in Davis. The court agrees, in part.

"It is well settled under the collateral estoppel doctrine

6

that four elements must exist to bar relitigation of a factual issue in a subsequent proceeding." In re Miera, 926 F.2d 741, 743 (8th Cir. 1991). "The issue sought to be precluded must be the same as that involved in the prior action; the issue must have been litigated in the prior action; the issue must have been determined by a valid ... final judgment; and the determination must have been essential to the prior judgment."[3] Id.

Hillesheim's ADA claim regarding the number of handicap parking spaces is collaterally estopped because it was fully adjudicated in Davis. Davis argued that under § 208.2, the Restaurant was required to have five handicap parking spots based on the approximately 130 parking spots contained in both the primary and adjacent, overfill parking areas. The court rejected that argument and found that the adjacent, overfill parking area was a separate parking facility "used for truck, oversized, employee, and overflow parking, not parking for the Restaurant." Davis, 2017 WL 6209825, at *2. The court concluded that the Restaurant's four designated handicap parking spots in the primary parking area satisfied § 208.2. See id. The Eighth Circuit's affirmance did not change this finding. See Davis, 922 F.3d at 872.

---

[3] Defendants also argue that Hillesheim's ADA claims are bared under res judicata. See Yankton Sioux Tribe v. U.S. Dep't of Health and Human Servs., 533 F.3d 634, 639 (8th Cir. 2008). The court need not analyze res judicata because collateral estoppel applies more readily.

7

Because that issue was decided in Davis, it is final and binding. As a result, Hilleshiem is precluded from raising it again here.

Hillesheim's remaining ADA claims are not precluded, however. The condition of the Restaurant's interior was not properly before the court in Davis and, therefore, has not been adjudicated.

As to Hillesheim's remaining ADA parking area claims, as alleged they do not arise from the same nucleus of operative facts as Davis. The issues raised here are largely brought under different ADAAG provisions and appear to invoke separate problems with respect to the parking area including sloping, curb ramp landings, and maneuverability to the public entrance. Further, as noted, Hillesheim alleges that he encountered different barriers than Davis that were caused by defendants' remediation efforts in Davis. At this stage of the proceeding, accepting the allegations as true, Hillesheim has alleged sufficient factual content that his remaining ADA parking area claims are distinct from Davis and permit the court to draw a reasonable inference that defendants are liable for the misconduct alleged.[4] Because the remaining parking area claims are alleged to be different than those raised in Davis, Hillesheim is not collaterally estopped from proceeding on those

---

[4] Davis conceded that defendants' remediation efforts in her case resolved the issues she encountered. It is unclear at this time whether Davis could or should have been aware of the issues Hillesheim now raises.

8

claims in this case.

**III. MHRA**

Defendants argue that Hillesheim's MHRA claims must be dismissed because he failed to provide the required pre-suit notice. The court agrees.

The MHRA requires that a plaintiff provide notice of an architectural barrier to a business before bringing an action. Minn. Stat. § 363A.331, subdiv. 2. The notice provided "must (1) cite the law alleged to be violated; (2) identify each architectural barrier that is the subject of an alleged violation and specify its location on the premises; [and] (3) provide a reasonable time for a response, which may not be less than 60 days." Minn. Stat. § 363A.331, subdiv. 2(a)(1)-(3). The pre-suit notice is not required if "a person ... is challenging a finding contained in an audit prepared by a certified professional." Minn. Stat. § 363A.331, subdiv. 5(a)(3). Hillesheim argues that he falls within this exemption because he is challenging Quarve-Peterson's report filed in Davis.

Hillesheim is attempting to have it both ways. His counsel represents that he encountered different barriers on a different date than Davis and that her case is separate and distinct, but then also argues that Quarve-Peterson's report in Davis obviates his pre-suit notification obligation here. The court agrees that this is a mostly separate suit, encompassing some distinct issues.

Accordingly, Hillesheim's challenge of a report prepared in a separate case involving different factual allegations does not provide defendants the requisite notice of the claims alleged here. Moreover, Quarve-Peterson's report in <u>Davis</u> contains no findings whatsoever regarding the Restaurant's interior. In effect, there are no findings in Quarve-Peterson's report for Hillesheim to challenge with respect to a significant portion of the claims here.

Defendants have a right to be notified of the violations alleged and an opportunity to cure them. Hillesheim cannot rely on a report that he argues, thus concedes, addresses entirely different barriers to give notice. As a result, Hillesheim's MHRA claims must be dismissed for failure to comply with the pre-suit notification requirement.

**CONCLUSION**

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The motion for judgment on the pleadings [ECF No. 27] is granted in part;

2. The ADA claim regarding the number of available handicap accessible parking spaces is dismissed with prejudice;

3. The MHRA claims are dismissed without prejudice;

4. In all other respects the motion for judgment on the pleadings is denied; and

10

5. The letter request [ECF No. 46] is denied.

Dated: July 19, 2019

                                               s/David S. Doty
                                               David S. Doty, Judge
                                               United States District Court